IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DAVID GUEST,

      Defendant.

22-CR-6101 DGL

---

## PLEA AGREEMENT

The defendant, DAVID GUEST, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information charging a violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5) (cyberstalking) for which the maximum possible sentence is a term of imprisonment is 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant

is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

 a.  That the defendant used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, or a facility of interstate or foreign commerce, to engage in a course of conduct;

 b.  That the defendant engaged in the course of conduct with intent to injure, harass, or intimidate another person; and

 c.  That the course of conduct caused, attempted to cause, or would be reasonably expected to cause, substantial emotional distress to the other person.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

 a.  Between January 1, 2019 and February 14, 2022, in the Western District of New York, the defendant used social media, email, and the internet to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim 1, a person known to the United States Attorney.

 b.  Specifically, the defendant engaged in a pattern of activity in which he disseminated and posted sexually explicit photographs and videos depicting Victim 1 to various social media platforms and public websites via the internet. The defendant also sent Victim 1's images to Victim 1, while pretending to be someone else, and to other individuals known to the defendant and Victim 1 via the internet. The defendant created

2

multiple social media personas/accounts while engaged in this conduct in order to maintain his anonymity.

c.    In many instances, the defendant included identifying information while disseminating Victim 1's nude images so that she was publicly identifiable.

d.    The defendant admits that he acted knowingly and with the intent to harass or cause substantial emotional distress to Victim 1, and that his actions in fact caused Victim 1 to suffer substantial emotional distress.

## III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.    The government and the defendant agree that Guidelines § 2A6.2(a) applies to the offense of conviction and provides for a **base offense level of 18**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.    The government and the defendant agree that the following specific offense characteristic applies:

a.    The two-level increase pursuant to Guidelines § 2A6.2(b)(1)(E) [pattern of activity involving harassment of the same victim].

8.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **20**.

## ACCEPTANCE OF RESPONSIBILITY

9.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a **total offense level of 17**.

## CRIMINAL HISTORY CATEGORY

10.      It is the understanding of the government and the defendant that the defendant's **criminal history category is II**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action, the defendant's criminal history category may increase.   The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.      It is the understanding of the government and the defendant that with a total offense level of 17 and criminal history category of II, the defendant's sentencing range would be **a term of imprisonment of 27-33 months, a fine of $10,000 to $95,000 and a period of supervised release of 1 to 3 years.**   Notwithstanding the above, the defendant understands that at sentencing, the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

4

12.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.     STATUTE OF LIMITATIONS

14.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction become final.

## V.   **REMOVAL**

15.     The defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   **GOVERNMENT RIGHTS AND RESERVATIONS**

16.     The defendant understands that the government has reserved the right to:

a.      provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.      respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.      advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.      oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

17.     At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 22-MJ-524-MJP.

18.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.     APPEAL RIGHTS

19.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court, which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

20.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11 above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's

sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   ABANDONMENT PROVISIONS

22.   The defendant agrees to voluntarily abandon all of the items seized during the criminal investigation associated with this matter and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim.  The defendant specifically agrees to voluntarily abandonment of the following property:

     a.   One iPhone 12 Mini bearing Serial Number: F71DV3T30GRN.

23.   The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of this property. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1 and 41 Code of Federal Regulations 128-48.50 with respect to the abandonment of the aforementioned property and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of the said property.

24.   The defendant further understands that the United States and any law enforcement agency acting on behalf of the United States, to wit: the Federal Bureau of Investigation, may in its discretion, destroy any and/or all of the property seized from the defendant at the time of his arrest and during the criminal investigation associated with this matter.

## IX.    TOTAL AGREEMENT AND AFFIRMATIONS

25.    This plea agreement represents the total agreement between the defendant, DAVID GUEST, and the federal government.  There are no promises made by anyone in the federal government, other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the federal government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
KYLE P. ROSSI
Assistant U.S. Attorney
Dated:   August 29, 2022

## ACKNOWLEDGEMENT

I have read this agreement, which consists of pages 1 through 9.  I have had a full opportunity to discuss this agreement with my attorney, JEFFREY CICCONE, Esq.  I agree that it represents the total agreement reached between myself and the federal government.  No promises or representations have been made to me by the federal government, other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
DAVID GUEST
Defendant
Dated:  August 29, 2022

_____
JEFFREY CICCONE, ESQ.
Attorney for Defendant
Dated: August 29, 2022

9