**UNITED STATES OF AMERICA**
<u>**WESTERN DISTRICT OF NEW YORK**</u>                    **22-CR-6101(DGL)**

**UNITED STATES OF AMERICA**                    **SENTENCING STATEMENT**
                                                                    **AND REQUEST FOR A**
                             **v.**                                **NON-GUIDELINE SENTENCE**

**DAVID GUEST**

_____

JEFFREY L. CICCONE, Assistant Federal Public Defender for the Western District of

New York affirms as follows:

I am licensed to practice law in the State of New York and the United States District

Court for the Western District of New York, and I represent the defendant, David Guest.

The factual representations made in this Statement are based on investigations by

members of my office, conversations with David Guest; a review of the Presentence

Investigation Report (hereinafter PSR) and the following exhibits:

Exhibit A:      Village Elementary Progress Reports for grades 4, 5 and 6;

Exhibit B:      Merton Williams Middle School 2011-2012 Report Card;

Exhibit C:      Hilton Central High School Transcript, dated November 14, 2016;

Exhibit D:       Hilton Health Care, P.C., patient report, dated May 17, 2016;

Exhibit E:      Letter written to the Court by Kelly A. Guest, David Guest's mother;

Exhibit F:      Letter written to the Court by Leah Guest, David Guest's sister;

Exhibit G:      Letter written to the Court by Anna Guest, David Guest's sister;

Exhibit H:      Letter written to the Court by Derek Perrotto, family friend;

Exhibit I:      Letter written to the Court by Mary Lou Rosien, family friend;

Exhibit J:      Letter written to the Court by Mary Lissou, family friend;

Exhibit K:      Letter written to the Court by Timothy Santiago, friend; and

1

Exhibit L:      Letter of Acceptance written by David Guest.


## BACKGROUND

On August 29, 2022, David Guest pled guilty to a single-count Information charging him with cyberstalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5).

Although the PSR provides the Court with some information regarding David Guest's background, this sentencing statement highlights additional information regarding his history and characteristics that may be relevant to the Court's sentencing decision. Sentencing is currently scheduled for January 12, 2023.


## GENERAL SENTENCING AUTHORITY

Under 18 U.S.C. §3553(a), federal sentencing courts must impose a sentence that is *sufficient, but not greater than necessary*, to meet the purposes of sentencing.  This includes the nature and circumstances of the offense and the history and characteristics of the defendant, the need to avoid sentencing disparities between defendants with comparable criminal records who have been convicted of similar crimes, and the Guidelines themselves.  *See United States v. Dorvee*, 616 F.3d 174, 182-83 (2d Cir. 2010) (quoting 18 U.S.C. §3553(a)(1)-(6)).

The sufficient, but not greater than necessary language of §3553 is commonly referred to as the parsimony clause.  *United States v. Williams*, 475 F.3d 468, 476 (2d Cir. 2007).  When imposing sentence, the court must consider the factors mentioned in §3553(a), including the requirements of the parsimony clause.  *Id.*  Simply stated, if the sentencing court concludes that either of two sentences would properly serve the statutory purposes of §3553(a), application of

the parsimony clause compels imposition of the lesser sentence.  *See United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006).

The sentencing court must also consider the advisory Sentencing Guidelines.  *United States v. Booker*, 543 U.S. 220, 245-246 (2005).  However, "[e]ven where a [sentencing] court has properly calculated the Guidelines, it may not presume that a Guidelines sentence is reasonable for any particular defendant, and accordingly, must conduct its own independent review of the §3553(a) sentencing factors." *United States v. Dorvee*, 616 F.3d at 182 (citing *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008)).

The importance of individualized sentencing is a central theme in federal criminal law.  It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, and sometimes magnify, the crime and the punishment to ensue. *Koon v. United States*, 518 U.S. 81, 113 (1996).

In *Booker*, the United States Supreme Court emphasized the importance of reserving discretion to federal sentencing judges.  The Court held that:

> The federal sentencing statute . . . requires a sentencing court to consider Guidelines ranges . . . ., but it permits the court to tailor the sentence in light of other statutory concerns as well.

543 U.S. at 245-246.

The Court thereafter reaffirmed its position in *Kimbrough v. United States*, 552 U.S. 85 (2007) stating that:

> The sentencing judge . . . has greater familiarity with ... the individual case and the individual defendant before

3

> him than the Commission or the appeals court. . . .  He is
> therefore in a superior position to find facts and judge
> their import under [§3553(a)] in each particular case.

*Id.* at 108 (internal quotations omitted).

## THE NATURE OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

David Guest has been detained since February 15, 2022, the date of his arrest in this case. Following his arrest, David pled guilty to cyberstalking, in violation of 18 U.S.C. §2261A(2)(B). More specifically, David admitted to disseminating and posting sexually explicit photographs and videos of his then girlfriend (the victim) to various social media platforms and public websites.

The victim in this case wrote a victim impact statement, which is included in the PSR at paragraph 47.  In that statement, among other things, she wrote: "My personal feelings are that the defendant needs to attend long term counseling to deal with whatever issues caused him to set out to hurt me, his girlfriend of nearly seven years in this heinous way and lie to my face so easily."

The victim did not ask for David to be incarcerated.  She understands that long-term counseling, not prison, is what David needs.

To be clear, David fully appreciates that his actions were inexcusable.  He does not offer any justification for his behavior and can only express his deepest remorse and apology.

### *David's Background and Struggles*

David was born to Eric and Kelly Guest.  He will turn 25 years old at the end of this year. David is the 3rd of nine children born to Eric and Kelly.  He was raised in Hilton, New York.

Eric Guest has been a Rochester Gas and Electric lineman for many years.  Kelly Guest is a homemaker.

David went to school in the Hilton Central School District from kindergarten through twelfth grade.  During his early years, David was an excellent student.  At the completion of 1st grade, he was reading at a mid - 2nd grade level.  His elementary teachers reported such accolades as: "David goes above and beyond what is asked of him," "David continues to be a pleasure to have in class," "His help with the autistic children, his work ethic and st[u]dy values are admired by everyone." *See* Exhibit A, Village Elementary Progress Reports for grades 4, 5 and 6.  David's grade point average at the completion of middle school (7th and 8th grades) was 91.  *See* Exhibit B, Merton Williams Middle School 2011 – 2012 Report Card.

David was raised in a strict, no-nonsense environment.  His mother is a devout Catholic, who would hit her children with a paddle if they were disruptive in church.  David recalls the paddle had a bible verse written on it pertaining to honoring your parents.  As a teenager, if David expressed religious views not in accordance with the Catholic church, his parents would yell at him and belittle him for his thoughts.  David experienced bouts of depression around the time he entered high school. He tried to mask his feelings of self-doubt and sadness by smoking marijuana, which soon became an addiction.

On Christmas Day 2014, six days before his 17th birthday, David and his parents became entangled in a heated argument.  In anger, David's father tackled him.  David escaped and left the house without a coat, shoes or his phone.  He walked a mile to the Hilton Fire Department and called his older brother Joe.  For the remainder of 11th grade and through all of 12th grade, David lived in various places - with his brother Joe, in his car, with an aunt, and eventually with his girlfriend, the victim in this case, and her parents in Greece, New York.

David struggled after his parents made him leave their home.  His grades fell and he experimented with drugs such as cocaine, Zanax, and LSD.  However, despite the upheaval in his life, his drug use, and an arrest for burglary in May 2016, David graduated on June 25, 2016, with a GPA of 79.77.  *See* Exhibit C, Hilton Central High School Transcript, dated November 14, 2016.  David also received a football scholarship to Seton Hill University, a private Catholic school in Greensburg, Pennsylvania.  Sadly, David's parents did not attend his graduation ceremony.

During a preseason football practice at Seton Hill, David had an episode of cold sweats and seizure like symptoms.  Because David had experienced minor concussions while playing football in high school, he underwent concussion protocol testing at Seton Hill, which he failed.  As a result, David's scholarship was rescinded.  He was forced to drop out of college and return to Hilton, New York.

On October 16, 2016, David pled guilty to Burglary 2nd and was adjudicated a youthful offender.  He received five years probation and was referred to substance abuse treatment by New York State Probation.  On December 27, 2016, David  was admitted to treatment at Unity Health Chemical Dependency in Greece, New York.  David received substance abuse treatment on and off from December 2016 to September 2021.

On May 17, 2016, David confided to his primary physician, Dr. Mark Sarnov, that he had been experiencing feelings of anxiety and depression since grade school.  He explained his anxiety was often brought on by relationship issues with his parents and by going to public places.  The anxiety was marked by poor concentration, heart racing, feeling the need to withdraw, restlessness, shaking, tremors, nervousness, and excessive worry.  *See* Exhibit D, Hilton Health Care, P.C., report, dated May 17, 2016.

### *David's Needs Mental Health Treatment*

David acknowledges that he made many poor choices during his teens and early 20s. However, those choices were often enabled by adults who misguided David.  As referenced above, David was kicked out of his family home on Christmas Day following an argument with his parents.  He was only a junior in high school.  When David was seventeen, he formally emancipated himself from his parents.

When David needed guidance the most, his girlfriend's parents took him in, and surprisingly allowed their daughter and David, both teenagers at the time, to share a bedroom. This was not the type of guidance David needed.

David is a troubled young man who needs help, not prison.  As referenced above, the victim, David's former girlfriend, suggested in her victim impact statement, "the defendant needs to attend long term counseling to deal with whatever issues caused him to set out to hurt me."

However, David will not get the long-term counseling he needs if incarcerated.  Within the BOP, inmates diagnosed with mild to moderate depression are to be managed "without psychiatric consultation, unless extenuating circumstances arise."  *See* Management of Major Depressive Disorder, Federal Bureau of Prisons Clinical Guidance, May 2014 (Reformatted October 2017), at p. 8, available at https://www.bop.gov/resources/pdfs/depression.pdf. Over the years, the BOP has struggled to provide inmates with mental health issues, including depression and anxiety, with appropriate care and treatment.

In 2016, the U.S. Department of Justice Office of the Inspector General reported that the Federal Bureau of Prisons "was operating at an 83 percent medical care staffing level. . . [a]s a result, health services units are left understaffed, with increased workloads that limit the amount

of medical care that can be provided inside an institution." *See* Review of the Federal Bureau of Prisons' Medical Staffing Challenges, Office of the Inspector General, U.S. Department of Justice, March 2016, at p. 7, available at https://www.oversight.gov/sites/default/files/oig-reports/e1602.pdf.  The Inspector General also concluded that the BOP lacked a strategic plan for addressing these staffing problems:

> the BOP has not been proactive about using PHS [U.S. Public Health Service] officers to fill vacancies where individual institutions are struggling with particularly challenging medical personnel staffing needs. Institution staff further told us that lengthy vacancies are common. For example, staff at one institution told us that their Clinical Director position has gone unfilled for 15 years.

*Id*. at 21.  The report identified vacant medical positions, one for one year, one for two years, and another for five years.  *Id*. at 21-22.  The report confirms that the BOP "employs relatively few psychiatrists.…"  Indeed, in November of 2015, the BOP employed only 25 psychiatrists.  *Id*. at 14 and n. 39.  As of the time of the issuance of the Report (March 2016), the BOP was responsible for 192,170 federal inmates.  *See*

https://www.bop.gov/about/statistics/raw_stats/BOP_pastPopulationTotals.pdf.  This number corresponds to one psychiatrist for every 7,686 inmates.  The report notes that psychiatrists – as compared to general physicians - have not found the salary lucrative enough to agree to work for the BOP.  *See* Review of the Federal Bureau of Prisons' Medical Staffing Challenges, Office of the Inspector General, U.S. Department of Justice, March 2016 at 13.

### *David has Begun the Road to Rehabilitation*

David has always had a good work ethic.  Throughout high school, he worked at the sandwich shop, Subway.  When he returned to Hilton from Seton Hill, David worked as a landscaper for RM Landscape, and then as a mover and driver for Sheridan Brother's Movers.

When this job ended due to the COVID pandemic, David started his own construction business with his brother, Guest Construction.  At the time of his arrest, he was employed by UPS as a package handler earning $18 an hour.

While he has been detained awaiting sentencing, David has reflected on his life and his future.  He has taken the positive steps needed to ensure a life as a good and successful member of society.

For one, David has done his best to repair his relationship with his parents.  Throughout his incarceration he has had visits with his mother and phone conversations with both of his parents.  He has apologized for his past and thanked them for their support since his arrest.  David has also turned back to God and prayed for forgiveness.  While in jail, David met with his parish priest, who took his confession.

David has also participated in the interactive journaling system, Courage to Change, offered by the Livingston County Jail.  The topics covered included seeking employment, substance use, family ties, responsible thinking, self-control, social values, peer relationships, and recreation & leisure.

David's family has recognized a change.  They have noted that since his arrest he is more humble and mature, and much more willing to listen to the advice of others.

### *Letters Written on David's Behalf*

Those closest to David know him to be much more than the young man who committed this crime.  Please see the following letters to the Court attached hereto:

Exhibit E:     Letter written to the Court by Kelly A. Guest, David Guest's mother;

Exhibit F:     Letter written to the Court by Leah Guest, David Guest's sister;

Exhibit G:      Letter written to the Court by Anna Guest, David Guest's sister;

Exhibit H:      Letter written to the Court by Derek Perrotto, family friend;

Exhibit I:      Letter written to the Court by Mary Lou Rosien, family friend;

Exhibit J:      Letter written to the Court by Mary Lissou, family friend; and

Exhibit K:      Letter written to the Court by Timothy Santiago, friend.


### *David is Remorseful and Has Accepted Full Responsibility*

David has fully accepted responsibility for his actions and is extremely remorseful. As he explains in his letter of acceptance, attached hereto as Exhibit L, not a day goes by that he does not feel ashamed and saddened thinking about the hurt and embarrassment he caused the victim, her family and his own family.

Given David's relatively low criminal history score of II, the Sentencing Guidelines recommend a range of 27 to 33 months. A 27 month sentence, after a reduction for Good Time, results in a sentence of one year and eleven months. At the time of sentencing, David will have served almost one year. A multi-year sentence of probation would ensure that David receives the mental health counseling the victim asked for. It will also provide the opportunity to ensure that David does not have contact with the victim for the foreseeable future.


### CONCLUSION

For all of these reasons, David Guest respectfully requests that this Court consider his history and characteristics, the fact that he needs mental health counseling, which he will not be able to obtain if incarcerated, the remorse and acceptance of responsibility he has expressed, and the strides he has made toward rehabilitation since being incarcerated almost one year ago, and

impose a sentence of probation. Such a sentence would be sufficient, but not greater than necessary to serve the purposes of sentencing under 18 U.S.C. §3553(a).

Date:   January 5, 2023

To:   Kyle P. Rossi, AUSA                    /s/Jeffrey L. Ciccone
      Jennifer L. Fish, USPO                 Assistant Federal Public Defender
                                             Federal Public Defender's Office
                                             28 East Main Street, Suite 400
                                             Rochester, New York 14614
                                             (585)262-6201
                                             Jeffrey_Ciccone@fd.org
                                             Attorney for David Guest