UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,

          v.

DAVID GUEST,

                                    Defendant.
_____

DECISION AND ORDER

22-CR-6101DGL

      Defendant David Guest moves by counsel (the Federal Public Defender) for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The motion is based on an amendment to the United States Sentencing Guidelines (U.S.S.G.) § 4A1.1(d), effective November 1, 2023, which results in a lower guideline range for the defendant.

      Furthermore, the Sentencing Commission voted to apply the amendment retroactively, *see* U.S.S.G. § 1B1.10. The effective date though of the retroactivity amendment is February 1, 2024.

      Defendant's motion was filed on November 7, 2023 (Dkt. #32). The United States Probation Office filed a Supplemental Presentence Report on November 29, 2023 (Dkt. #34). The Government filed its Opposition to the motion on December 4, 2023 (Dkt. #35) and the defendant filed a Reply to the Government's Opposition on December 15, 2023 (Dkt. #36).

      The statute and caselaw directs that the Court must first determine whether a defendant is eligible for a sentence modification. Then the Court must determine the guideline range that would have been applicable had the relevant amendment been in effect. Generally, U.S.S.G.

§ 1B1.10(b)(2) limits the extend of the reduction and the Court may not reduce the term to less than the minimum of the amended guideline range. The other important requirement is that the Court must consider any applicable sentencing factor under 18 U.S.C. § 3553(a) and determine whether, in its discretion, the reduction is warranted on the particular circumstances of the case.

I am familiar with this defendant, his conviction, and prior sentence. I have reviewed all of the matters submitted and carefully considered the sentencing factors under 18 U.S.C. § 3553(a). I hereby DENY defendant's motion for a sentence reduction.

Defendant's conduct of cyberstalking was egregious. His current release date is February 11, 2024. This motion, therefore, has little impact on defendant. But, defendant has done little to justify any reduction, however modest. The Section 3553(a) factors do not warrant a reduction either. Defendant will be, and should be, monitored carefully on supervised release.

## CONCLUSION

Defendant David Guest's motion for a reduction of sentence (Dkt. #33) is hereby DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 9, 2024.